## HOOPER *et al. v.* RUCKER.

1. The verdict is supported by evidence.
2. The excerpts from the charge on which error is assigned do not show cause for the grant of a new trial.

No. 2982. APRIL 17, 1922.

Complaint. Before Judge Blair. Forsyth superior court. November 3, 1921.

C. C. Rucker filed a petition against G. M. Hooper and Malinda Worley, alleging that the defendants were jointly indebted to him in the sum of $1961.42 principal, together with interest and attorney's fees, on a note given for the purchase of land. The defendant Worley filed an answer in which she denied that the defendants were jointly indebted in the sum named; and alleged, that, while the defendants purchased the tract of land from the petitioner for the sum of $3600, each of the defendants was liable for only one half the amount, and that neither was bound for the amount due by the other; that she is seventy-two years of age, old, infirm, ignorant, and unable to read or write; that she is a widow without children, having lived in another State until about one year ago, when she came to reside in Georgia with the other defendant and his wife, the latter being her niece; that she is ignorant of law, without business experience, and that she had about eighteen hundred dollars, the same being all of her life savings and all of her property, with no prospect or probable chance of adding to the same, since she is unable to work; that her eyesight is bad, and she is infirm bodily and mentally; that the interests of the defendants in the purchase of the property were separate; that defendant did not agree to be in any way responsible for the debt of her codefendant, and this was so understood by all parties; that she at one time paid the petitioner $400 in gold, and $1192.78 at a later date on her contract; that there is still due by her the sum of $107.22; that she is ready and willing to pay the balance due by her if petitioner will make her a deed to the one half undivided interest in the land, according to her contract; that the note and bond for title were prepared or caused to be prepared by plaintiff; that she did not read or have the same read over to her; that her signature to the note was made by mark, she being unable to write; that she made the aforesaid payments in utter ignorance of the terms of the note and bond;

that the plaintiff took advantage of her ignorance, illiteracy, and lack of business experience and capacity, and thus overreached her, and therefore the acts as heretofore alleged were fraudulent and contrary to equity and good conscience, and the note and bond were void; and that, having refused to carry out the contract and agreement as made heretofore, the plaintiff has rescinded the original contract. The defendant prays for a judgment against the plaintiff for the amount already paid to her, and that she have a special lien upon the land described in the bond for title, and for general relief. The other defendant adopts the answer made by Mrs. Worley. The case proceeded to trial, and a verdict was returned in favor of the plaintiff for the amount sued for, with interest, but without attorney's fees. The defendants moved for a new trial; the motion was overruled, and they excepted.

*George F. Gober* and *G. B. Walker,* for plaintiffs in error.

*J. P. Brooke,* contra.

GILBERT, J. 1. The motion for a new trial consists of the general grounds, and two grounds assigning error on portions of the judge's instructions to the jury. The evidence was sharply conflicting. The evidence on behalf of the defendant, Malinda Worley, showed a pitiable case of an old, illiterate woman, infirm in body and mind, having been overreached in a land trade, and having attached, by her mark, her name to contracts, the import and legal obligations of which she did not understand. She is a widow without children, practically a stranger in a strange land, having lately come to the State of Georgia to reside with her niece, the wife of the codefendant, bringing with her the fruits of her labors of a lifetime, aggregating the meager sum of $1800. With no prospect of ever acquiring more, she was anxious to invest it in a small piece of farm land where she might be sure of possessing a home for her few remaining years. After paying the petitioner practically all of the money she had, significantly including $400 in gold, she found that according to the contract as written she was obligated jointly with the other defendant for a sum double the amount she possessed, with no means of paying the remainder. While alleging her willingness to complete the payment of the $1800 in her own behalf, upon condition of receiving a deed to an undivided half interest in the land, she sought to be relieved, for the reasons

above stated, from the obligation to pay the other half, which she insisted was due solely by her codefendant. The evidence for the petitioner showed that both of the defendants fully understood that the contract was a joint one in which both defendants were responsible for the entire amount of the purchase-price agreed upon, and that both fully understood the contents and legal obligations of the written instruments comprising the contract. As to Hooper the evidence demanded a verdict for the plaintiff; and as to Mrs. Worley it authorized the verdict, and as rendered it has the approval of the trial judge.

2. The criticisms upon the charge do not show any material or substantial errors of law. All of the special grounds of the motion for a new trial complain that the issues raised by the defendant, Mrs. Worley, were not sufficiently covered in the charge of the court to the jury. It is only necessary to refer in detail to one of these, which is, that the court did not instruct the jury in regard to Mrs. Worley's amended answer praying for a reformation of the bond for title and the note sued on. The charge to the jury included the following: " She [Mrs. Worley] amended her pleadings, in which she says she is able, ready, and willing to carry out her contract as originally agreed to by her, and prays the court, if it should hold that said note and bond are not void, that the same be reformed so as to speak the real trade; that is, that she contracted and agreed to buy a one-half undivided interest in the said land, that she did not agree to make a note for the entire purchase-price or to go surety for her codefendant for his part of the purchase-money, and that, on payment of the balance of the one-half of the purchase-money, that the plaintiff be decreed to make her a title or warranty deed to one half undivided interest in the land." (The court instructed the jury to return a verdict against the defendant Hooper). " The case now goes to you to find what the truth is between the plaintiff here and Mrs. Worley, and reach a verdict that will express the truth of the case. . . If the defendant here, Mrs. Worley, has carried the burden and shown to you that the contract made, that the promissory note that she signed, was not the contract that she made for the purchase of this land, that she made a contract whereby she was to assume liability for only one half of the purchase-price, and she was to have a bond for title to one half undivided

interest in this property, and also at the time she signed the promissory note sued upon she believed or understood that the note that she was signing was for one half of the purchase-money and not for all of the purchase-money, and that she was getting a bond for title for a half interest, why then she would not be liable to the plaintiff for the balance of the purchase-money, but would be liable, under her equitable plea here, for the balance of one half of the purchase-price of this land." While the charge, in this regard, might have been more aptly stated, in the absence of a timely written request, and in view of the fact that the jury found against these contentions of the defendant, Mrs. Worley, the same does not constitute reversible error.

*Judgment affirmed. All the Justices concur.*